[Crim. No. 6650. Second Dist., Div. Three. Aug. 19, 1959.]

THE PEOPLE, Respondent, v. CHARLES MICHAEL LOHMAN, Appellant.

Charles Michael Lohman, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—By amended information, Charles Michael Lohman was charged in Count I with the grand theft of an automobile from Paul's Chevrolet on June 21, 1958, and in Count II with violating Vehicle Code, section 503, on the same date. It was also alleged that he had previously suffered a felony conviction for violation of the Dyer Act. Lohman pleaded not guilty and denied the prior conviction. When the matter came on for trial, he withdrew his plea of not guilty as to Count II and pleaded guilty to that count, and on motion of the People the allegation respecting the prior conviction was stricken. A probation report was ordered; a hearing was held on Lohman's application for probation; Count I was dismissed; probation was denied and Lohman was sentenced to state prison on Count II. He appeals from the judgment.

Upon application of appellant for appointment of counsel,

we examined the record in order to ascertain whether the appointment of an attorney would serve any useful purpose. Having determined that the appeal appeared to be without merit we denied the application for appointment of counsel and notified appellant of our order, substantially extending his time to file a brief. No brief having been filed, we have reexamined the record and are disposing of the appeal on the merits.

■ Lohman was represented by a deputy public defender at the time of his arraignment on the amended information. Trial was set for September 11, 1958. On that date trial was continued to October 17th to allow appellant time to secure the presence of a witness. October 17, 1958, the public defender made a motion to be relieved as counsel for appellant, the motion was granted and Lohman was substituted as his own attorney; trial was continued to November 7th. On that date trial was again continued to December 5th so that appellant might obtain counsel.

December 5, 1958, appellant appeared in court with a deputy public defender. The deputy stated his understanding that he had not been appointed to represent Lohman but that "It is the Court's desire that I confer with the defendant. He wants to represent himself. It is my understanding that he intends to enter a plea of Guilty to Count Two of the information." In response to questioning by the court, appellant stated that he had conferred with the deputy and that he wished to plead guilty to Count II. In response to questioning by the prosecutor, Lohman stated that he was changing his plea voluntarily. Appellant thereupon pleaded guilty to Count II. He did not make a motion to be permitted to withdraw his plea.

In our opinion, the record furnishes no ground for a disturbance of the judgment. No showing was made of facts which would have warranted the court in believing that the plea of guilty was other than voluntary. (14 Cal.Jur.2d 510-512.) The court had no duty to of its own motion set aside the plea of guilty. The merits of the application for probation were for the determination of the trial court. The proceedings were regular and there is no basis for a contention that the court abused its discretion in denying him probation. (29 Cal.Jur.2d 348-349.)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.